NO. 07-02-0291-CR


 07-02-0292-CR

 07-02-0293-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 25, 2002



______________________________




JOHN STEVEN MCLAIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 84833; 84835; 84837; HONORABLE LARRY GIST, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant John Steven McLain appeals from convictions in the Criminal District
Court of Jefferson County in trial court causes numbered 84833, 84835 and 84837. We
dismiss the three appeals for want of jurisdiction. 


 Appellant filed a general Notice of Appeal from his plea-bargained judgment of
conviction in Cause No. 84830 in the Criminal District Court of Jefferson County for
possession of a controlled substance. The appeal in cause No. 84830 is the subject of our
appellate cause No. 07-02-0290-CR. The appeal was dismissed for lack of jurisdiction. 
Such appeal is a companion case to the instant appeals. 

 Appellant gave Notice of Appeal in causes Nos. 84833 (delivery of a controlled
substance, judgment dated May 16, 2002), 84835 (delivery of a controlled substance,
judgment dated May 16, 2002), and 84837 (delivery of marihuana, judgment dated May
1, 2002) in the Criminal District Court of Jefferson County via the same document by which
he gave notice of appeal in our cause No. 07-02-0290-CR. Sentence was imposed in all
causes on May 13, 2002. 

 In his original Notice of Appeal appellant did not allege that (1) his appeal was
based on a jurisdictional defect, (2) the substance of the appeal was raised by written
motion ruled on before trial or (3) the trial court granted permission to appeal. See Tex.
R. App. P. 25.2(b)(3). (1) On November 12, 2002, appellant filed Amended Notices of Appeal
alleging that the trial court gave permission for the appeals. 

 A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). 
As noted in our opinion in appellant's companion case, our cause No. 07-02-0290-CR,
appellant's original Notice of Appeal did not contain one of the three allegations necessary
to invoke our appellate jurisdiction over an appeal from his plea-bargained convictions. 
See TRAP 25.2(b)(3); White v. State, 61 S.W.3d 424, 427-28 (Tex.Crim.App. 2001). 
Accordingly, our jurisdiction was not invoked by the original Notice. The out-of-time
amended Notices are ineffective to invoke our jurisdiction. See State v. Riewe, 13 S.W.3d
408, 413-14 (Tex.Crim.App. 2000). 

 We dismiss the appeals for want of jurisdiction. 


 Phil Johnson

 Justice


Do not publish.
1. A rule of appellate procedure will be referred to as "TRAP __" hereafter.



TYLE="font-family: Arial">at 702. 

 Based upon the State's response and its new position as to appellant's issues, we
sustain appellant's first issue. Our disposition of issue number one is dispositive of the
appeals. Accordingly, we do not consider any other issues. See Tex. R. App. P. 47.1. 

 We reverse the judgments and remand the cases for further proceedings. Tex. R.
App. P. 43.2. 

 Phil Johnson

 Chief Justice


Do not publish. 




 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).